```
               IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JASON LEE ROBBINS,**

                            **Plaintiff,**

           v.                                CASE NO. 11-3211-SAC

**CORRECTIONAL CORPORATION OF AMERICA,**

                            **Defendant.**

### MEMORANDUM AND ORDER

This matter is a civil action filed by a person detained in the Leavenworth, Kansas, detention center operated by the Corrections Corporation of America (CCA). Plaintiff claims his rights under the Eighth Amendment were violated by orders to put dirty laundry on his bed and the refusal to provide a new blanket.

Plaintiff proceeds pro se. Because he has submitted neither the $350.00 filing fee nor a motion for leave to proceed in forma pauperis, the court will direct him to supplement the record.

The court's preliminary review of the complaint suggests the court lacks jurisdiction over the plaintiff's complaint. Plaintiff identifies the sole defendant as the CCA. In *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001), the United States Supreme Court declined to extend the remedy under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) to a suit against a private corporation brought by a prisoner, reasoning that "[t]he purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Thus, plaintiff's claim

against the CCA may not proceed as a *Bivens* cause of action in federal court.

Next, even if plaintiff were to amend the complaint to identify individual employees of CCA, his claim would be subject to dismissal. In *Minneci v. Pollard*, ___ U.S. ___, 132 S.Ct. 617 (2012), the United States Supreme Court held that a federal prisoner could not assert a *Bivens* claim for an Eighth Amendment violation where state tort law provided an "alternative, existing process" that allowed a viable avenue for the plaintiff's constitutional claims. ___ U.S. ___, ___, 132 S.Ct. at 623.

The Court stated:

> "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law ... the prisoner must seek a remedy under state tort law." *Minneci*, ___ U.S. ___, ___, 132 S.Ct. 617, 626.

Accordingly, under *Minneci*, it appears any claim plaintiff might assert against individual defendants employed by CCA should proceed in the state courts under state tort remedies.

For the reasons stated, the court will direct plaintiff to show cause why this matter should not be dismissed without prejudice to the presentation of the plaintiff's claims in the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including March 21, 2012, to submit the $350.00 filing fee or a motion for leave to proceed in forma pauperis.

IT IS FURTHER ORDERED THAT plaintiff is granted to and including March 21, 2012, to show cause why this matter should not be dismissed for the reasons set forth. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED**.

DATED: This 21st day of February, 2012, at Topeka, Kansas.

        S/ Sam A. Crow
        SAM A. CROW
        U.S. Senior District Judge